RECEIVED
IN LAKE CHARLES, LA
MAY 17 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO.2: 05 CR 20142 |
| VS. | : | JUDGE MINALDI |
| MALCOLM GUILLORY | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER

Presently before the court is a Motion to Recuse [doc. 23] filed by the defendant, Malcolm Guillory. For the reasons set forth herein, the motion IS DENIED.

The defendant was prosecuted in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana, in cases numbered 93- CR - 003243 and 93- CR - 008283. The undersigned is listed in the court minutes as an Assistant District Attorney ("ADA") "in attendance." It is clear from the minutes that the undersigned was not involved in the prosecution of this defendant as at both hearings the proceedings were handled by another ADA.

The defendant pleaded guilty to simple battery in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana, in case number 02-CR-026917. The undersigned was the presiding state court judge at the time this plea was entered and when the defendant was sentenced.

The simple battery conviction is not being used to designate this defendant as a "career offender." The charge in 93-CR-003243, in which the undersigned was not involved, is being used to designate the defendant as a career offender.

This motion does not state grounds that would indicate that recusal is necessary. Being listed

in the minutes is not grounds for recusal.[1] The defendant argues that "possibly" information or misinformation garnered in these state court cases, "while not present in the minutes," present a situation wherein this Court might hold preconceived determinations to the detriment of the defendant."[2] This argument is entirely speculative (and erroneous) and not persuasive.

The defendant also states that the undersigned is now being "called to rule on, or consider the merits of, a previous conviction in determining whether or not the conviction rises to a level of a qualifying felony conviction for a crime of violence."[3] The consideration of a prior state court conviction is not automatic. The defense would be required to present valid legal grounds to challenge the use of a prior conviction and no such challenge has been filed. Regardless, the conviction which would purportedly be challenged is not the result of a prosecution by the undersigned. Accordingly, no grounds for recusal exist.

Lake Charles, Louisiana, this 17 day of May, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[1] The trial judge was not required to recuse herself on the ground that she formerly served as a government attorney in a division that had prosecuted the defendant in the case resulting in prior conviction. *U.S. v. Rea-Tapia*, 134 Fed.Appx. 711, 2005 WL 1403437 (C.A.5 (Tex. (C.A .5 (Tex.), 2005).

[2] ¶4 Motion to Recuse.

[3] ¶3 Motion to Recuse.

2